IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TRISHA SIVELY** | ) | CASE NO. |
| **2089 OAKES DR.** | ) | |
| **AKRON, OHIO 44312** | ) | JUDGE |
| | ) | |
| **PLAINTIFF** | ) | COMPLAINT |
| | ) | **(Jury Demand Endorsed Hereon)** |
| V. | ) | |
| | ) | |
| **OHIO DEPARTMENT OF** | ) | |
| **MENTAL HEALTH AND** | ) | |
| **ADDICTION SERVICES** | ) | |
| **30 E. BROAD ST., 36TH FLOOR** | ) | |
| **COLUNBUS, OHIO 43215** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

Now comes Plaintiff Trisha Sively pursuant to Fed. R. Civ. P. 8 and files her Complaint against the Ohio Department of Mental Health and Addiction Services and would show the Court as follows:

I. PARTIES

1. Plaintiff Trisha Sively ("Sively") is an individual residing in Akron, Summit County, Ohio and at all times relevant hereto was an employee as defined by 42 U.S.C. §2000e-(f) of the Ohio Department of Mental Health and Addiction Services assigned to the Northcoast Behavioral Helathcare facility located in Sagamore Hills, Ohio.

2. Defendant Ohio Department of Mental Health and Addiction Services is a department within the state of Ohio and maintains its offices at 30 E. Broad St., Columbus, Ohio 43215. Defendant operated and still operates a mental health facility at 1756 Sagamore Rd., Sagamore

1

Hills, Ohio 44067 better known as Northcoast Behavioral Healthcare. At all times relevant hereto Defendant was an employer as defined by 42 U.S.C. §2000e-(b).

## II. JURISDICTION

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §1331, 28 U.S.C. §1443 and 42 U.S.C. §2000e-5(f)(3).

## III. VENUE

4. Venue of this matter is properly before the Norther District of Ohio as the events that give rise to this matter arose in the Norther District of Ohio, Eastern Division pursuant to 29 U.S.C. §1391(b)(3).

## IV. FACTUAL BACKGROUND

5. Plaintiff was originally hired in September 2015 as a Therapeutic Program Worker at the Northcoast facility. She left Northcoast in March 2016 and returned on January 21, 2017. Throughout her employment she performed routinely received "Good" performance reviews for the quality of her work on the forensic unit.

6. In the fall of 2020 Plaintiff became pregnant and in November 2020 informed Debra Franklin, Workers' Compensation and Disability Coordinator at Northcoast of her pregnancy.

7. During a visit with her obstetrician, she was advised to avoid any situation where she could be hit in the stomach. This recommendation from Dr. Alexandra Nutatis was forwarded to Northfield on or about December 2, 2020.

8. This request allowed for Plaintiff to continue to work but to avoid any situation where there is a potential for abdominal trauma from patient contact or work responsibilities.

9. After receipt of Dr. Nutatis' note Plaintiff's supervisor informed her on December 9, 2020

that she could no longer respond to "code events" where she was at risk of abdominal harm. At the same time her obstetrician ordered a 25 lbs. lifting limit.

10. Previously Plaintiff suffered an off the job ankle injury which prevented her from assisting in "code events" when a patient was aggressive. During this period, Defendant allowed Sively to work in the admission department and in medical records where she updated patient files. This light duty continued until her ankle had healed sufficiently to return to the forensic units.

11. In addition, a male Therapeutic Program Worker at Northcoast injured his knee as a result of an out of work injury. This coworker was reassigned to al light duty position at the front desk for the duration of his recovery over several months.

12. After advising Plaintiff of the weightlifting restrictions on December 9, 2020, Defendant refused Sively's request for a light duty assignment of any type, despite having previously allowed her light duty work after her ankle injury. In response Defendants demanded that Plaintiff's only option was to apply for short term disability (STD) through the state of Ohio's STD plan.

13. Plaintiff reluctantly completed the application even though pregnancy is not a disability and Plaintiff's pregnancy had not exhibited any complications that would qualify as a disability.

14. Subsequent to her STD application, her obstetrician sent a note to Defendant confirming that Plaintiff's pregnancy was not a disability.

15. After originally denying the STD application, the state ultimately approved Plaintiff's STD on appeal to the Department of Administrative Services.

16. December 9, 2020, was Plaintiff's last day of work at Northcoast.

## V. ADMINISTRATIVE PREREQUISITES

17. On or about March 29, 2021, Plaintiff filed a charge of pregnancy discrimination with the Equal Employment Opportunity Commission baring Charge No. 532-2021-00562.

18. The EEOC processed this charge but failed to reach a decision.

19. On May 30, 2023, the Department of Justice Civil Rights Division issued a Right to Sue letter to Plaintiff.

20. This action is being filed within ninety (90) days of the receipt of the Right to Sue.

### VI.  PREGNANCY DISCRIMINATION

21. Plaintiff incorporates the allegations contained in Paragraphs 1 through 20 inclusive as if fully rewritten herein.

22. The foregoing conduct of Defendant in failing to allow Plaintiff reduced risk assignments due to her pregnancy and requiring her to be placed on STD constitutes pregnancy discrimination, a form of sex discrimination in violation of 42 U.S.C. §2000e-2(a) of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e-(k).

23. As a result of Defendant's conduct Plaintiff has incurred lost wages and benefits as well as future wages and benefits in an amount to be determined at trial.

24. Plaintiff has also suffered non-economic damages in the form of mental anguish and pain and suffering in an amount to be determined at trial.

25. Defendant's conduct as set forth above was willful and intentional and warrants an award of punitive or exemplary damages in an amount to be determined at trial.

26. Plaintiff is further entitled to recover her attorneys' fees and the costs of this action pursuant to 42 U.S.C.§2000e-5(k) and 42 U.S.C. §1981a.

   WHEREFORE, for the foregoing reasons Plaintiff requests judgment against Defendant as follows:

   A. An award of lost wages and benefits in an amount to be determined trial;

   B. An award of future wages and benefits for a reasonable period of time

to be determined at trial;

C. An award of non-economic damages for her mental anguish and pain and suffering in an amount to be determined at trial;

D. An award of punitive damages for Defendant's intentional and willful conduct in an amount to be determined at trial;

E. An award of attorneys' fees and the costs of this action in an amount to be determined at trial; and

F. For such other and further relief as may be just and equitable.

Respectfully submitted,

*/s/ F. Benjamin Riek III*
F.Benjamin Riek III (0022703)
Law Offices of F. Benjamin Riek III
21 Furnace St., Suite 808
Akron, Ohio 44308
(330) 410-2518
Email: fbenjaminr@msn.com

Counsel for Plaintiff

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial jury on all issues so triable.

*/s/ F. Benjamin Riek III*